UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------
BRIAN CHALLENDER,

                Plaintiff,

vs.

MERCANTILE ADJUSTMENT BUREAU, LLC,

                Defendant.
-----------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff BRIAN CHALLENDER ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant MERCANTILE ADJUSTMENT BUREAU, LLC ("Defendant" and/or "MAB") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendant and their collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this District 28 U.S.C. § 1391(b)(1) and (2) because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in the State of New Jersey and County of Burlington and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

5. Defendant Mercantile Adjustment Bureau ("MAB") is a debt collection agency and New York business entity that regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state and judicial district with its principal place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221, and is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

8. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. In or about May 2011, the alleged debt was placed with Harris & Harris, Ltd. for collection or attempted collection with an amount due of $199.94 to PSE&G.

10. In or about October/November 2011, Plaintiff entered into a payment plan of $15.00 per month with Harris & Harris, Ltd. until the balance of $199.94 on the alleged debt was paid in full.

11. From approximately October/November 2011 through January 2012, Plaintiff made the agreed upon monthly payments of $15.00 to Harris & Harris, Ltd.

12. In or about February 2012, the full remaining balance due and owing on the alleged debt was $154.94 in order for the alleged debt to be paid in full by Plaintiff to Harris & Harris, Ltd.

13. On or about February 8, 2012, Plaintiff paid the full remaining balance due and owing the alleged debt of $154.94 to Harris & Harris, Ltd.

14. As a result of Plaintiff paying Harris & Harris, Ltd. the full remaining balance of the alleged debt of $154.94, Plaintiff no longer owed any money on the alleged debt as it has been paid in full.

15. In or about May 2012, Defendant MAB, by and on behalf of PSE&G, caused a collection or "dunning" letter to be sent to Plaintiff via U.S. mail, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. Defendant MAB was attempting to collect the very same PSE&G debt that Plaintiff previously paid in full to Harris as agent for PSE&G.

17. In or about June 2012, Plaintiff spoke with Defendant on the telephone, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2), and at that time Defendant told Plaintiff the amount due on the alleged debt was $139.94.

18. Plaintiff vigorously disputes owing the alleged debt and has repeatedly and consistently denied any such obligation.

19. Plaintiff has repeatedly disputed the alleged debt for approximately the last year and a half.

20. During the June 2012 collection call, Plaintiff disputed the alleged debt to Defendant's collection agent, and specifically explained that he had paid this account off in

earlier in 2012 to Harris & Harris, Ltd. and provided the PSE&G account number and the amount paid of $154.94.

21. Defendant's collection agent dismissed Plaintiff's dispute and informed Plaintiff that Plaintiff owed $139.94.

22. Curiously, the amount demanded by Defendant MAB of $139.94 is $15.00 (the amount of Plaintiff's monthly payment to Harris & Harris, Ltd.) less than $154.94 (the amount paid by Plaintiff to Harris & Harris, Ltd. back in February 2012 as payment in full of the alleged debt).

23. Plaintiff provided all necessary information to Defendant MAB such that they could report Plaintiff's dispute and claims to PSE&G and conduct an investigation.

24. Defendant told Plaintiff to contact PSE&G and gave Plaintiff no assurances that MAB would report the dispute to PSE&G and no assurances that Plaintiff's claim that he already paid the debt in full would be investigated by MAB.

25. Subsequent to the June 2012 telephone call, Plaintiff contacted PSE&G and was unable to resolve the problem with them and unable to receive information on the alleged debt from them despite Defendant's assertions to the contrary.

26. Around the time of the June 2012 telephone call, Defendant MAB reported the alleged debt to the credit reporting agencies Experian, TransUnion, Equifax and possibly others, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27. Defendant MAB failed to communicate to the credit reporting agencies that the alleged debt was "disputed" and failed to ensure that the alleged debt was notated as "disputed".

28. Defendant MAB continued to attempt to collect the alleged debt from Plaintiff from approximately May 2012 through January 2013.

29. On or about January 14, 2013, Plaintiff and Defendant MAB again spoke on the telephone, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

30. Defendant MAB attempted to get Plaintiff to pay the alleged debt of $139.94 during the January 2013 telephone call.

31. Defendant MAB had no knowledge of Plaintiff's dispute despite Plaintiff having already disputed the alleged debt with MAB.

32. On well-grounded information and belief, Defendant MAB failed to conduct a reasonable investigation into the alleged debt after Plaintiff specifically disputed the alleged debt as previously paid in full to Defendant's collection agent in June 2012.

33. From approximately June 2012 through January 2013, Defendant MAB did not communicate to PSE&G and/or any other interested party to the alleged debt that the alleged debt was disputed and that the alleged debt had already been paid in full.

34. By failing to communicate to PSE&G and/or any other interested party to the alleged debt that the alleged debt was disputed and that the alleged debt had already been paid in full, Defendant MAB violated § 1692e and § 1692e(8).

35. From approximately June 2012 through January 2013, Defendant MAB did not communicate to the credit reporting agencies, Experian, TransUnion, Equifax and possibly others, that the alleged debt was disputed.

36. By failing to communicate to the credit reporting agencies, Experian, TransUnion, Equifax and possibly others, that the alleged debt was disputed and that the alleged debt had already been paid in full, Defendant MAB violated § 1692e and § 1692e(8).

37. Plaintiff again disputed the alleged debt to Defendant MAB's collection agent, and again specifically explained that he had paid this account off a long time ago to Harris in the amount of $154.94 as demanded by PSE&G and Harris & Harris, Ltd.

38. Defendant MAB could not identify for Plaintiff what the alleged debt of $139.94 was for.

39. Defendant MAB stated only that "maybe something was left over" after Plaintiff paid off the alleged debt; which is false.

40. From approximately January 2013 through August 2013, Defendant MAB continued to report the alleged debt to the credit reporting agencies.

41. From approximately January 2013 through August 2013, Defendant MAB continued to report the alleged debt to the credit reporting agencies without also communicating that the alleged debt is "disputed".

42. From approximately January 2013 through August 2013, Defendant MAB continued to communicate to PSE&G and/or any other interested party to the alleged debt that the alleged debt was unpaid without also communicating that the alleged debt was disputed as previously paid in full.

43. In or about August 2013, Plaintiff discovered that Defendant MAB was still reporting to the credit reporting agencies that the alleged debt was an unpaid collection account without any notation that the alleged debt was "disputed".

44. In or about August 2013, Plaintiff discovered that Defendant MAB still had not conducted a reasonable investigation into his dispute and claims about previously paying the alleged debt in full given that Defendant was still reporting an unpaid collection account on his credit report.

45. Had Defendant MAB communicated Plaintiff's dispute and claims to PSE&G and/or any other interested party to the alleged debt, Defendant MAB would have discovered that the alleged debt had already been paid in full in February 2012.

46. Had Defendant communicated Plaintiff's dispute and claims to PSE&G and/or any other interested party to the alleged debt, Defendant MAB would have deleted the adverse credit reporting of the alleged debt given that Plaintiff paid the alleged debt in full prior to the alleged debt being placed with Defendant MAB for collection.

47. As of August 2013, Defendant MAB was still attempting to collect the alleged debt and was still engaging in illegal credit reporting practices, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

48. Defendant MAB knew or should have known that it was reporting/communicating false credit information of Plaintiff to the credit reporting agencies, PSE&G and/or any other interested party to the alleged debt, and possibly others

49. As of June 2012, Defendant MAB knew or should have known that it was reporting/communicating false credit information of Plaintiff to the credit reporting agencies, PSE&G and/or any other interested party to the alleged debt, and possibly others.

50. As of August 2013, on well-grounded information and belief, Defendant MAB took no action in response to Plaintiff's dispute and claims.

51. As of November 2013, Defendant is still reporting the alleged debt to the credit bureaus as an open collection and without any dispute notation.

52. As of November 2013, Defendant has apparently still not relayed any information to PSE&G and/or any other interested party to the alleged debt that the debt has already been paid and is disputed.

53. Defendant's actions and inactions were negligent and/or willful and with knowledge.

54. Telephone conversation(s), collection/"dunning" letters, and credit reporting, in the year prior to the filing of the instant action between the Plaintiff and the Defendants and / or employee(s) of the Defendants regarding the alleged debt each constituted a "communication" as defined by FDCPA § 1692a(2).

55. Telephone conversation(s), collection/"dunning" letters, and credit reporting, in the year prior to the filing of the instant action between the Plaintiff and the Defendants and / or employee(s) of the Defendants regarding the alleged debt each conveyed information regarding the alleged debt directly or indirectly to the Plaintiff.

56. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

57. These collection communications from Defendants were abusive, deceptive, misleading, unfair, unconscionable and illegal communications in an attempt to collect this disputed, already paid debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

58. As a consequence of the Defendant's action(s) in the year prior to filing of the instant action, the Plaintiff seeks damages, attorneys fees and costs pursuant to FDCPA § 1692k.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

59. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "58" herein with the same force and effect as if the same were set forth at length herein.

60. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

    a.    15 U.S.C. §1692d-preface.

    b.    15 U.S.C. §1692e-preface, (2)(A), (5), (8), and (10).

    c.    15 U.S.C. §1692f-preface and (1).

61. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages, attorneys fees and costs in accordance with the FDCPA § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BRIAN CHALLENDER demands judgment from the Defendant MERCANTILE ADJUSTMENT BUREAU, LLC as follows:

    A.    For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

    B.    For actual damages provided and pursuant to 15 U.S.C. §1692k;

    C.    For attorneys' fees, costs, and disbursements;

    D.    For an award of pre-judgment interest on all sums awarded and/or collected;

    E.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff BRIAN CHALLENDER hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial. Fed. R. Civ. P. 38.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify to my own knowledge and based upon information available to me at my office and pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Dated:        November 13, 2013

Respectfully submitted,

**LAW OFFICES OF ALLISON POLESKY, P.C.**

By: _/s/ Eric M. Milner_

Eric M. Milner, Esq., Of Counsel
LAW OFFICES OF ALLISON POLESKY, P.C.
1 S. Franklin St., Suite 2
Nyack, New York 10960
Phone:    914-610-3207
Facsimile: 914-610-3770
Email:    emilner@simonmilner.com
Attorney for the Plaintiff Brian Challender